UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUGATUCK/DOUGLAS AREA CONVENTION
AND VISITORS BUREAU,

    Plaintiff,　　　　　　　　　　　　　　　　USDC #18-cv-_____

v　　　　　　　　　　　　　　　　　　　　　　　Judge:

FELICIA V. FAIRCHILD,

    Defendant.

_____

Michael J. Barton (P34509)
Plunkett Cooney
Attorneys for Plaintiff
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI  48304
(248) 901-4070
mbarton@plunkettcooney.com

_____

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Saugatuck/Douglas Area Convention and Visitors Bureau ("CVB"), by and through undersigned counsel, and for its Complaint against Felicia V. Fairchild, states as follows:

### Jurisdiction and Venue

1.    This is a declaratory judgment action seeking to have this Court rule that certain claims are not subject to arbitration.

2.    Plaintiff CVB is a Michigan non-profit corporation located in Saugatuck, Michigan.

3.    Defendant, Felicia V. Fairchild, is an individual residing in Allegan County, Michigan.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338. Two of the claims Plaintiff seeks to exclude from arbitration are federal claims; a claim for copyright infringement under the Copyright Act, 17 U.S.C. § 106, and a claim for violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1202. See *Vaden v. Discover Bank,* 556 U.S. 49 (2009).

5. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendant and venue is proper in this district under 28 U.S.C. § 1391 for the reason that Defendant resides in this district.

## I – Request for Declaratory Judgment

7. Defendant initiated an arbitration proceeding against CVB with the American Arbitration Association on November 5, 2017, and subsequently amended the Arbitration Demand. The Amended Arbitration Demand is in the possession of Defendant.

8. The arbitration was initiated pursuant to an arbitration clause contained in an alleged Consulting Agreement between Plaintiff and Defendant dated January 1, 2010, which stated with respect to arbitration:

"7.) Other

Any dispute or claim involving this agreement shall be steeled (sic) by arbitration in Kalamazoo, Michigan under the rules of the American Arbitration Association. The arbitrator shall have no authority to change any provision of this agreement. The arbitrator's sole authority shall be to interpret or apply the provision of this agreement. The decision of the arbitrator shall be final and binding and the exclusive remedy for any alleged breach of this agreement. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The corporation agrees that it will pay Felicia V. Fairchild's actual costs and attorney fees in the event of arbitration."

The Consulting Agreement is in the possession of Defendant.

9. The Arbitration Demand includes a claim for unreimbursed business expenses, and a claim for merit pay increases that are not the subject of this action.

10. The Arbitration Demand also includes a claim for copyright infringement pursuant to which Defendant claims that CVB, subsequent to the termination of the parties' relationship, infringed Defendant's copyright in certain photographs.

11. There is no copyright registration for the photographs alleged to be the subject of infringement.

12. The Arbitration Demand also contains a claim asserting that, subsequent to the termination of the parties' relationship, CVB violated the Digital Millenium Copyright Act by allegedly removing copyright information from Defendant's photographs on CVB's website.

13. The Arbitration Demand also contains defamation, slander and intentional infliction of emotional distress claims based on alleged statements made by CVB board members or representative following Defendant's resignation in December of 2016.

14. The Arbitration Demand also contains claims seeking compensation for certain furniture Defendant claims she provided to CVB pursuant to an alleged agreement (unrelated to the Consulting Agreement), to be repaid for the furniture.

15. The arbitration clause in the parties' agreement is a narrow arbitration clause limiting the arbitrator's authority to interpreting or applying the provisions of the agreement, and states that the only arbitration decisions that are final and binding and an exclusive remedy are decisions regarding an alleged breach of the agreement.

16. Defendant's arbitration claims seeking recovery for copyright infringement for violation of the Digital Millenium Copyright Act, and for defamation, slander and

intentional infliction of emotional distress, and payment for property clearly fall outside the scope of the arbitration clause in the Consulting Agreement.

17. The Consulting Agreement, although addressing the ownership of the physical embodiment of certain photographs, does not address in any way the ownership of copyright in the photographs.

18. The determination of whether CVB infringed the copyright in any photographs does not involve any issue of whether CVB breached any provision in the Consulting Agreement, nor does it depend on interpretation of the terms of the Consulting Agreement.

19. The determination of whether CVB violated the Digital Millenium Copyright Act does not involve a determination of whether CVB breached the Consulting Agreement, nor does it depend on any interpretation of the Consulting Agreement.

20. The determination of whether CVB engaged in slander, defamation and/or intentional infliction of emotional distress does not depend on a determination of whether CVB breached the Consulting Agreement, nor does it depend on any interpretation of the Consulting Agreement.

21. The copyright claims also cannot be subject to arbitration for lack of registration, pursuant to 17 U.S.C. § 411(a).

22. The determination of whether CVB breached an agreement to pay for certain furniture does not depend on a determination of whether CVB breached the Consulting Agreement, nor does it depend on any interpretation of the Consulting Agreement.

23. There is an actual controversy between the parties regarding the scope and applicability of the arbitration clause requiring resolution by the Court.

WHEREFORE, Plaintiff, CVB, requests this Honorable Court to enter a Declaratory Judgment under 28 U.S.C. § 2201, et seq. and Rule 57, that the copyright infringement claims, the Digital Millenium Copyright Act claims, intentional infliction of emotional distress claims, and claim for payment for property, are not subject to arbitration, and are outside the scope of the arbitration clause, and to grant CVB such further relief as the Court deems just and appropriate, including costs and attorney fees.

> PLUNKETT COONEY
>
> /s/  Michael J. Barton
>
> Michael J. Barton (P34509)
> Plunkett Cooney
> Attorneys for Plaintiff
> 38505 Woodward Ave., Ste. 100
> Bloomfield Hills, MI  48304
> (248) 901-4070

DATED:  January 22, 2018
Open.23463.73949.19625235-1

5