UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUGATUCK.DOUGLAS AREA CONVENTION
AND VISITORS BUREAU,

      Plaintiff,                          USDC #18-cv 00079
                                                      Judge

FELICIA V. FAIRCHILD,

      Defendant.

| Michael J. Barton (P34509) | Frederick Eagle Royce III (P27716) |
|---|---|
| Plunkett Cooney | Attorney for Defendant |
| Attorney for Plaintiff | 144 Lake Shore Drive |
| 38505 Woodward Ave., Ste 100 | Douglas, MI 49406 |
| Bloomfield Hills, MI 48304 | (269) 344 8000 |
| (248) 901-4070 | Eagle@feroyce.com |
| mbarton@plunkettcooney.com | |

**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Defendant, Felicia V. Fairchild, by and through undersigned counsel, and for its Answer to Complaint against Felicia V. Fairchild states as follows:

**Jurisdiction and Venue**

1.    Defendant Denies that this Court has jurisdiction. A Declaratory Judgment is precluded by the Consulting Agreement that requires Arbitration. There is no Diversity of Jurisdiction between the parties: plaintiff is a Michigan Corporation and defendant is a Michigan resident and plaintiff has not pleaded a minimum threshold amount. There is no

1

federal question in dispute as the plaintiff has only asked this Honorable Court to declare that the arbitrator may not consider defendant's copyright infringement claims. Plaintiff does not ask this Court whether copyright infringement was committed. Thus, all claims at issue are state-based claims so that this Court does not have jurisdiction. Further, as plaintiff shows, the Consulting Agreement executed on 12/16/09 states at paragraph 7 that any disputes between the parties will be settled in Arbitration:

> **"Any Dispute or claim involving this agreement shall be steeled (sp) by Arbitration, in Kalamazoo, Michigan under the rules of the American Arbitration Association. The arbitrator shall have no authority to change any provision of this agreement. The arbitrator's sole authority shall be to interpret or apply the provision of this agreement. The decision of the arbitrator shall be final and binding and the exclusive remedy for any alleged breach of this agreement. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The corporation agrees that it will pay Felicia V. Fairchild's actual costs and attorney fees in the event of arbitration"  Exhibit #1**

2.  Defendant Admits that Plaintiff CVB is non-profit corporation

3.  Defendant Admits that Felicia V. Fairchild, is an individual residing in Allegan County, Michigan

4.  Defendant Denies that this court has Jurisdiction where the parties have agreed in writing that disputes between them will be resolved in Arbitration with the decision filed in any court having jurisdiction. Specifically, paragraph 5 of the Consulting Agreement states:

"…all photographs and slides taken by Ms. Fairchild and the media lists which are the sole property of Ms. Fairchild".

Defendant also provided the bureau with a written policy outlining the parameters for use of her photography which stated,

"No photos taken by Ms. Fairchild may be used in any way by anyone (including the Saugatuck-Douglas Visitors Bureau) without her express written permission." Exhibit #2

As the Plaintiff's unauthorized use of Defendant's photographs is a "Dispute or claim involving this [Consulting] agreement," Defendant is precluded from filing suit in court. The Plaintiff is similarly barred. Both parties are bound to the Consulting Agreement that states "**Any Dispute or claim involving this agreement shall be settled by arbitration in Kalamazoo**" There are no exceptions. Therefore, because there is no diversity jurisdiction between the parties nor a federal question, this Court, without having subject matter jurisdiction, must dismiss this action.

5. Defendant Denies that this Court has jurisdiction over the underlying disputes between the parties based on the Consulting Agreement and therefore does not have supplemental jurisdiction.

6. Defendant Denies that this court has Personal Jurisdiction and admits that Venue would be proper based on Defendant residing in the Allegan County, MI

## I – **Request for Declaratory Judgment**

7.  Defendant Admits that she initiated arbitration on November 5, 2017 against the Plaintiff, CVB, pursuant to paragraph 7 of the Consulting Agreement and amended the Demand on 12/16/17.

8.  Defendant Admits that paragraph 7 states the agreement of the parties to resolve disputes in Arbitration.

**Other "Any Dispute or claim involving this agreement shall be steeled (sp) by Arbitration, in Kalamazoo, Michigan under the rules of the American Arbitration Association. The arbitrator shall have no authority to change any provision of this agreement. The arbitrator's sole authority shall be to interpret or apply the provision of this agreement. The decision of the arbitrator shall be final and binding and the exclusive remedy for any alleged breach of this agreement. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The corporation agrees that it will pay Felicia V. Fairchild's actual costs and attorney fees in the event of arbitration"**

9.  Defendant Admits that the demand includes claims for unreimbursed business expenses and a claim for merit pay increases. They are not the subject of this Declaratory Judgment action.

10. Defendant Admits that the Arbitration Demand includes claims of Copyright infringement by the CVB's unauthorized and continued mis-use of Defendant Fairchild's 6,195 photos after written notice.

11. Defendant Admits that she is the copyright owner of the photos as she is also the author of them and has never transferred any copyrights (*see* 17

U.S.C. 201). Defendant admits that she has not registered the copyrights to the photos at issue, because she believed them protected both by the Consulting Agreement, as well as by the CMI notice on the CVB's own web site declaring Felicia Fairchild copyright.

12. Defendant Admits that her Arbitration Demand does contain claims that arose subsequent to the termination of the parties' employment relationship; specifically, that the CVB violated the Digital Millenium Copyright Act ("DMCA") by removing Fairchild's copyright management information (*see* 17 U.S.C. 1202c) ("CMI") posted adjacent to the photos at issue and replaced it with CVB's own CMI.

  a. On March 9, 2017, the CVB removed Fairchild's CMI posted adjacent to the photos at issue from the home page of the CVB's website and replaced it with CVB's own CMI..

  b. On July 7, 2017, the CVB removed Fairchild's CMI from 34 of the CVB's website pages containing Fairchild's photos at issue and replaced it with CVB's CMI.

  c. On September 21, 2017, the CVB removed Fairchild's CMI notice from 301 of the CVB's website Lodging and Business pages containing Fairchild's photos and replaced with CVB's CMI.

    d.    On November 13-14, 2017, the CVB removed Fairchild's CMI from 61 of the CVB's website pages containing Fairchild's photos and replaced with CVB's CMI.

    e.    In, total, the CVB violated the DMCA c 397 times.

13.    Defendant Admits that the Arbitration Demand contains defamation, slander and intentional infliction of emotional distress claims based on statements made by CVB Board Members following Defendant's resignation in December 2016.

14.    Defendant Admits that the Arbitration Demand contains claims seeking compensation for furniture that Defendant owned and allowed the CVB to use until Defendant left the CVB's employment.

15.    Defendant Admits that the Arbitration Agreement clause in paragraph 7 states that the Arbitrator has authority to interpret the contract: "**The arbitrator's sole authority shall be to interpret or apply the provision of this agreement**," which includes ownership and use of the photographs, and that the Arbitrator's decision is final and binding and is the exclusive remedy for breach of contract.

16.    Defendant Denies that her claims for copyright infringement, violations of Digital Millenium Copyright Act, defamation, slander,


intentional infliction of emotional distress, and payment for property are outside the scope of the Arbitration as per the Consulting Agreement.

17. Defendant Denies that the Consulting Agreement does not cover the ownership of photographs.

18. Defendant Denies that the determination of whether the CVB infringed Fairchild's copyrights is not under the terms of the Consultation Agreement.

19. Defendant Denies that the determination of whether the CVB violated the Digital Millennium Copyright Act is not pertinent to deciding whether the CVB breached the Consulting Agreement.

20. Defendant Denies that the determination of whether CVB and its ruling members engaged in slander, defamation, and or intentional infliction of emotional distress **does not** depend on a determination of whether the CVB breached the consulting Agreement and Denies that it **does not** depend on the interpretation of the Consulting Agreement.

21. Defendant Denies that she has to register photographs to have copyright protection. As 17 U.S.C. 201 states: "Copyright is protected the moment the photographs are taken." To establish a claim of copyright infringement, Fairchild must prove only (1) that she owns a valid copyright in the photographs and (2) that the CVB copied original elements of those

works. Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991). Ownership of a copyright of a protected work "initially vests in the author or authors of the work." 17 U.S.C. § 201(a). Fairchild is the sole author of the photographs and she has not transferred rights to the photographs to any third party. The CVB acknowledged Fairchild's copyright when it posted her CMI adjacent to her photographs on the CVB website.

22. Defendant was employed for over 20 years by Plaintiff CVB, during which time they mutually agreed on the terms of the purchase of equipment and terms of reimbursement. Defendant seeks to enforce those terms in the only forum available to her Arbitration. Defendant Admits that the determination of whether the CVB breached an agreement to pay for certain furniture does depend on the interpretation of the Consulting Agreement. The CVB board members breach of their agreements with Fairchild is a violation of the Consulting Agreement.

23. Defendant Admits that the actual controversy between the parties must be interpreted by the Arbitrator pursuant to the application of the Consulting Agreement.

WHEREFORE Defendant, Felicia V. Fairchild, requests that this Honorable Court dismiss Plaintiff's complaint for lack of subject matter

jurisdiction. In the alternative, Defendant requests that this Court enter a Declaratory Judgment under 28 U.S.C. 220 and Rule 57 that all of Defendant's claims including:

    a. copyright infringement claims,

    b. the Digital Millenium Copyright Act claims,

    c. intentional infliction of emotional distress claims and

    d. claims for payment for property

are subject to and within the scope of "any dispute or claims involving this Consulting Agreement" between the parties and are to be resolved under Arbitration Paragraph 7 of the Consulting Agreement; plus grant Defendant such other relief as the Court deems just and appropriate including costs and attorney fees pursuant to Paragraph 7 of the Consulting Agreement "The corporation agrees that it will pay Felicia V. Fairchild's actual costs and attorney fees in the event of arbitration." Exhibit 1

**AFFIRMATIVE DEFENSES**

NOW COMES Defendant herein, by its attorney, Frederick Eagle Royce III, and by way of Affirmative Defenses, states that it will rely upon and insist in its defense and demands reply hereto:

1. **Lack of Subject Matter Jurisdiction**. There is no Diversity of Jurisdiction between the parties: plaintiff is a Michigan Corporation and defendant is a

Michigan resident and plaintiff has not pleaded a minimum threshold amount. There is no federal question in dispute as the plaintiff has only asked this Honorable Court to declare whether the arbitrator should consider defendant's copyright infringement claims. Plaintiff does not ask this Court whether copyright infringement was committed. Thus, all claims at issue are state-based claims so that this Court does not have jurisdiction. Further, as plaintiff shows, the Consulting Agreement executed on 12/16/09 states at paragraph 7 that any disputes between the parties will be settled in Arbitration:

> **"Any Dispute or claim involving this agreement shall be steeled (sp) by Arbitration, in Kalamazoo, Michigan under the rules of the American Arbitration Association. The arbitrator shall have no authority to change any provision of this agreement. The arbitrator's sole authority shall be to interpret or apply the provision of this agreement. The decision of the arbitrator shall be final and binding and the exclusive remedy for any alleged breach of this agreement. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The corporation agrees that it will pay Felicia V. Fairchild's actual costs and attorney fees in the event of arbitration"**

2. **Lack of Jurisdiction**. This Court lacks original jurisdiction over this matter pursuant to Consulting Agreement which sets forth that the only form available for adjudication is that of arbitration. Defendant asks this court to dismiss the Declaratory Judgment for lack of jurisdiction and the contract be honored by placing all the issues into binding arbitration.

3. **Failure to State a Claim:** Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted, based upon the failure of Plaintiff's Complaint to allege facts sufficient to establish a cause of action and/or a failure to establish any genuine issue of material fact.

4. **Failure to Mitigate Damages**. Plaintiff caused the copyright infringement by its removal of Defendant's CMI and continued use of Defendant's photos despite being advised to remove them. Plaintiff's failure to mitigate damages, caused all of defendant's harm, and continued to do so.

5. **Lack of Responsibility and/or Control**. The injuries and damages to Defendant were entirely the result of Plaintiff's conduct. Defendant had no way to remove her photos from Plaintiff's website after Defendant left the CVB. Plaintiff's intentional removal of Defendant's copyright information and replacing with the CVB Copyright information is due in whole by the acts and omissions of individuals or entities controlled by Plaintiff.

6. **Equitable Doctrines of Waiver, Estoppel, Unclean Hands and Latches**. Plaintiff's complaint, and the relief sought therein is barred in whole by the legal and equitable doctrines of waiver, estoppel, unclean hands and laches. Plaintiff used Defendant's 6,195 photos without written permission and removed Defendant's CMI, replacing it with their own copyright thereby causing all of Defendant's harm. Plaintiff agreed to go to Arbitration over any dispute and has waived any objection to going to arbitration. Plaintiff is Estopped from denying that the photos belong to Defendant after signing an agreement to the contrary. Plaintiff cannot come into this court with unclean hands and ask not to be held accountable in Arbitration. The Doctrine of Latches prevents

Plaintiff from intentionally waiting to remove Defendant's photos from the CVB Website from Dec 6, 2016 until November 13, 2017 and from removing Defendant's CMI replacing it with its own CMI on different pages on:

a. March 9, 2017, the CVB removed Fairchild's CMI posted adjacent to the photos at issue from the home page of the CVB's website and replaced it with CVB's own CMI.

b. On July 7, 2017, the CVB removed Fairchild's CMI from 34 of the CVB's website pages containing Fairchild's photos at issue and replaced it with CVB's CMI.

c. On September 21, 2017, the CVB removed Fairchild's CMI notice from 301 of the CVB's website Lodging and Business pages containing Fairchild's photos and replaced with CVB's CMI.

d. On November 13-14, 2017, the CVB removed Fairchild's CMI from 61 of the CVB's website pages containing Fairchild's photos and replaced with CVB's CMI.

e. In, total, the CVB violated the DMCA c 397 times.

7. Defendant reserves the right to amend her Affirmative Defenses in compliance with the Court Rules.

January 29, 2018

                                        \_\_s/_____
                                        Frederick Eagle Royce III (P27716)
                                        Attorney for Defendant
                                        144 Lake Shore Drive

Douglas, MI 49406
(269) 344-8000

**PROOF OF SERVICE**

  Sarah M Hurley certifies that a copy of the attached instruments were served on the attorney(s) for the parties hereto, by mailing the same to said attorney(s) at their appropriate business address(es) by first-class mail on the 29 th day of January 2018. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

         _s/_____
         Sarah M. Hurley